UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOGAN WILLIAMS,

               Plaintiff,

vs.

MARATHON CAPITAL OF ILLINOIS, LLC , d/b/a
MARATHON CAPITAL, LLC, TED BRANDT,
CHUCK HINCKLEY and PHILIPPE LAVERTU,

               Defendants.

Civil Action No.: 20-cv-07783

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MARATHON CAPITAL OF ILLINOIS, LLC d/b/a MARATHON CAPITAL, LLC, TED BRANDT AND PHILIPPE LAVERTU'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION

Greg Riolo
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
Tel: (914) 872-6902
      -and-

Wendy Mellk
JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4073

Jonathan L. Sulds
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-6882

**CERTIFICATION OF COMPLAINCE**

I hereby certify that this Memorandum of Law contains 3,715 words and complies with the formatting rules set forth in the Individual Practices of Judge John G. Koeltl.

_____
Greg Riolo

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

       A.    Plaintiff Agreed To Arbitrate Claims Arising Out Of Her Employment With Marathon. ................................................................................................... 2

       B.    Plaintiff Breached Her Agreement To Arbitrate By Filing This Civil Lawsuit. ............................................................................................................... 3

ARGUMENT ................................................................................................................................ 3

    I.    THE COURT SHOULD COMPEL PLAINTIFF TO RESOLVE HER CLAIMS IN THE FORUM TO WHICH SHE AGREED – ARBITRATION ............................. 3

       A.    Federal Law Requires The Court To Enforce A Valid Arbitration Agreement. ........................................................................................................ 3

       B.    The Parties' Agreement Requires Plaintiff To Arbitrate Her Claims In This Case. ........................................................................................................... 5

           1.    The Parties Agreed To Arbitrate. ................................................................. 5

           2.    Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement. .................................................................................................... 6

           3.    Plaintiff Does Not Assert Any Federal Statutory Claim That Are Subject To Legislative Exemption From Arbitration. ................................. 8

       C.    Plaintiff's Claims Under New York State And City Law Are Subject To Arbitration. ................................................................................................... 8

           1.    The FAA Preempts CPLR § 7515. ............................................................. 9

           2.    CPLR § 7515 Is Inconsistent With Federal Law. ..................................... 10

    II.    THE COURT SHOULD DISMISS THE COMPLAINT. .......................................... 11

CONCLUSION ........................................................................................................................... 12

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                    Page(s)

AT&T Mobility v. Concepcion,
    563 U.S. 333 (2011)..................................................................................................9, 10

Bensadoun v. Jobe-Riat,
    316 F.3d 171 (2d Cir. 2003)..................................................................................................4

Brown v. Cushman & Wakefield,
    235 F. Supp. 2d 291 (S.D.N.Y. 2002)...................................................................................1

Circuit City Stores, Inc. v. Adams,
    532 U.S. 105 (2001)..............................................................................................................3

D'Antuono v. Serv. Rd. Corp.,
    789 F. Supp. 2d 308 (D. Conn. 2011)...................................................................................5

Dean Witter Reynolds, Inc. v. Byrd,
    470 U.S. 213 (1985)..............................................................................................................3

Drakeford v. Wash. Mut.,
    No. 07 Civ. 3489, 2008 U.S. Dist. LEXIS 53224, 2008 WL 2755838
    (S.D.N.Y. July 11, 2008) ....................................................................................................12

Epic Systems Corp. v. Lewis,
    138 S. Ct. 1612 (2018).........................................................................................................11

Genesco, Inc. v. T. Kakiuchi & Co.,
    815 F.2d 840 (2d Cir. 1987)..........................................................................................4, 5, 6

Gold v. Deutsche Aktiengesellschaft,
    365 F.3d 144 (2d Cir. 2004)...............................................................................................5, 6

Johnson v. Tishman Speyer Props., L.P.,
    No. 09 Civ. 1959, 2009 U.S. Dist. LEXIS 96464, 2009 WL 3364038
    (S.D.N.Y. Oct. 16, 2009) ....................................................................................................11

Latif v. Morgan Stanley & Co. LLC,
    18-cv-11528 (DLC), 2019 U.S. Dist. LEXIS 107020, 2019 WL 2610985
    (S.D.N.Y. June 26, 2019)................................................................................................8, 10

Lewis Tree Serv., v. Lucent Techs., Inc.,
    239 F.Supp.2d 332 (S.D.N.Y. 2002)...................................................................................12

Lipson v. Birch,
    46 F. Supp. 3d 206 (E.D.N.Y. 2014) ....................................................................................3

Martinez v. Bloomberg LP,
    883 F. Supp. 2d 511 (S.D.N.Y. 2012), aff'd 740 F.3d 211 (2d Cir. 2014)..................3

Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983)..............................................................................................................4

Nunez v. Citibank, N.A.,
    No. 08-Civ-5398 (BSJ), 2009 U.S. Dist. LEXIS 7783, 2009 WL 256107
    (S.D.N.Y. Feb. 3, 2009) ................................................................................................12

Oldroyd v. Elmira Sav. Bank, FSB,
    134 F.3d 72 (2d Cir. 1998)..............................................................................................7

Pomposi v. GameStop, Inc.,
    Civil Action No. 3:09-cv-340 (VLB), 2010 U.S. Dist. LEXIS 1819 (D. Conn.
    Jan. 11, 2010) ..................................................................................................................5

Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela,
    991 F.2d 42 (2d Cir. 1993)........................................................................................9, 10

Reynolds v. de Silva,
    No. 09 Civ. 9218 (CM), 2010 U.S. Dist. LEXIS 18040, 2020 WL 743510
    (S.D.N.Y. Feb. 24, 2010) ..............................................................................................11

Roby v. Corp. of Lloyd's,
    996 F.2d 1353 (2d Cir. 1993)..........................................................................................3

Rubin v. Sona Int'l Corp.,
    457 F. Supp. 2d 191 (S.D.N.Y. 2006)...........................................................................12

Ryan v. JPMorgan Chase & Co.,
    924 F. Supp. 2d 559 (S.D.N.Y. 2013)..................................................................5, 11, 12

Savarese v. J.P. Morgan Chase,
    16-CV-321 (JFB) (SIL), 2016 U.S. Dist. LEXIS 159765 (E.D.N.Y. Nov. 16,
    2016) ...............................................................................................................................6

Schappert v. Bedford, Freeman & Worth Publ'g Group, LLC,
    2004 U.S. Dist. LEXIS 14153 (S.D.N.Y. 2004)..............................................................1

Southland Corp. v. Keating,
    465 U.S. 1 (1984)............................................................................................................9

Spencer-Franklin v. Citigroup/Citibank N.A.,
    No. 06 Civ. 3475 (GBD), 2007 U.S. Dist. LEXIS 25870, 2007 WL 1052451
    (S.D.N.Y. Apr. 4, 2007)................................................................................................12

Thomas v. Public Storage,
    957 F. Supp. 2d 496 (S.D.N.Y. July 31, 2013) ............................................................. 7, 12

White v. WeWork Cos., Inc.,
    No. 20-cv-1800 (CM), 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969
    (S.D.N.Y. June 11, 2020) ........................................................................................... 8, 10

Zhu v. Hakkasan NYC LLC,
    16 Civ. 5589(KPF), 2017 U.S. Dist. LEXIS 195158, 2017 WL 5713220
    (S.D.N.Y. Nov. 28, 2017) ............................................................................................ 5, 6

**Statutes**

9 U.S.C. § 2 ............................................................................................................................ 4, 11

9 U.S.C. § 3 ................................................................................................................................ 12

9 U.S.C. § 4 .................................................................................................................................. 4

Federal Arbitration Act ......................................................................................................... *passim*

Federal Arbitration Act, 9 U.S.C. § 1, et seq. ............................................................................... 1

Financial Institutions Reform, Recovery and Enforcement Act of 1989 ...................................... 7

National Labor Relations Act ..................................................................................................... 11

New York City Human Rights Law .............................................................................. 1, 3, 7, 10

New York Civil Practice Law ...................................................................................................... 8

New York State Human Rights Law ............................................................................ 1, 3, 7, 10

**Other Authorities**

CPLR § 7515 .................................................................................................................. 8, 9, 10, 11

CPLR § 7515(a)(2) ...................................................................................................................... 11

CPLR § 7515(b)(i) and (iii) ........................................................................................................ 10

Federal Rules of Civil Procedure 56(c) ........................................................................................ 5

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) .............................................................. 1

## PRELIMINARY STATEMENT

Defendants Marathon Capital of Illinois LLC d/b/a Marathon Capital LLC ("Marathon" or the "Company"), Ted Brandt, and Philippe Lavertu (collectively, the "Marathon Defendants") submit this memorandum of law in support of their motion to compel arbitration and dismiss the Complaint, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), and the Local Rules of this Court.

Plaintiff Logan Williams agreed to arbitrate employment-related disputes with Marathon as a condition of her employment with the Company (see Plaintiff's Employment Agreement, ¶13.)  In violation of her Employment Agreement, Plaintiff commenced this action asserting claims of gender discrimination, hostile work environment and retaliation under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") allegedly arising during her employment with Marathon.  Consistent with prevailing case law and the well-established federal policy favoring arbitration, the Marathon Defendants now respectfully move this Court for an order compelling Plaintiff to arbitrate her claims against the Marathon Defendants, and dismissing this action.[1]

---

[1] In the event the Court does not compel arbitration, the Marathon Defendants will request that the Court enforce the jury waiver contained in Plaintiff's Employment Agreement, ¶13.  Jury trial waivers, including those in employment agreements such as the one at hand, are regularly enforced in this Circuit.  See, e.g., Schappert v. Bedford, Freeman & Worth Publ'g Group, LLC, 2004 U.S. Dist. LEXIS 14153, at *38-39 (S.D.N.Y. 2004); see also Brown v. Cushman & Wakefield, 235 F. Supp. 2d 291, 293 (S.D.N.Y. 2002)

**FACTUAL BACKGROUND**

**A.      Plaintiff Agreed To Arbitrate Claims Arising Out Of Her Employment With Marathon.**

Upon being hired by Marathon on July 9, 2019, Plaintiff signed an "Employment Agreement" ("Agreement"). (Declaration of Greg Riolo dated December 7, 2020, ("Riolo Decl."), Ex. B). The Agreement contains an arbitration provision, which appears under the section heading "Arbitration." (Riolo Decl., Ex. B, at ¶ 13). That provision states in part "any controversy, claim or dispute arising out of or relating to this Agreement or the employment relationship, either during the employment relationship or afterwards, between the parties, their assignees, their affiliates, their attorneys, or agents, shall be settled by arbitration in Chicago, Illinois. Such arbitration shall be conducted under the then prevailing rules of FINRA under the FINRA Code of Arbitration Procedure for Industry Disputes. The parties shall keep confidential the existence of the claim, controversy or disputes from third parties (other than the arbitrator), and the determination thereof, unless otherwise required by law, regulation or necessity for the business of Employer."[2]

---

[2] The full text of the arbitration provision reads as follows: <u>Arbitration</u>. Any controversy, claim or dispute arising out of or relating to this Agreement or the employment relationship, either during the employment relationship or afterwards, between the parties, their assignees, their affiliates, their attorneys, or agents, shall be settled by arbitration in Chicago, Illinois. Such arbitration shall be conducted under the then prevailing rules of FINRA under the FINRA Code of Arbitration Procedures for Industry Disputes. The parties shall keep confidential the existence of the claim, controversy or disputes from third parties (other than the arbitrator), and the determination thereof, unless otherwise required by law, regulation or necessary for the business of Employer. The arbitrator(s) shall be required to follow applicable law. As the sole exception to the exclusive and binding nature of the arbitration obligation set forth above, the parties agree that Employer may initiate an action in any state or federal court of competent jurisdiction to request temporary, preliminary or permanent injunctive relief, including specific performance, to enforce the terms of Sections 6, 7, 8 or 9 without the necessity of proving the inadequacy of legal remedies, irreparable harm or posting bond. IF

2

### B. Plaintiff Breached Her Agreement To Arbitrate By Filing This Civil Lawsuit.

On September 22, 2020, Plaintiff filed the instant action before this Court, alleging claims of gender discrimination, hostile work environment and retaliation under the NYSHRL and NYCHRL arising from her employment with Marathon. (Riolo Decl., Ex. A). These claims clearly relate to Plaintiff's "employment relationship" with Marathon under the clear language of the Agreement. Accordingly, by filing her claims in Court, Plaintiff is in violation of the unequivocal arbitration provision of the Agreement. (Riolo Decl., Ex. B, at ¶ 13).

## ARGUMENT

### I. THE COURT SHOULD COMPEL PLAINTIFF TO RESOLVE HER CLAIMS IN THE FORUM TO WHICH SHE AGREED – ARBITRATION.

#### A. Federal Law Requires The Court To Enforce A Valid Arbitration Agreement.

There is a strong public policy in favor of arbitration clauses. Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993); Martinez v. Bloomberg LP, 883 F. Supp. 2d 511, 515 (S.D.N.Y. 2012), aff'd 740 F.3d 211 (2d Cir. 2014); Lipson v. Birch, 46 F. Supp. 3d 206, 213 (E.D.N.Y. 2014). Congress enacted the Federal Arbitration Act ("FAA") to codify this "strong federal policy" into law, Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217, 219-21 (1985), and made it applicable to all contracts governing working relationships except those involving transportation workers. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001). The

---

FOR ANY REASON THE ARBITRATION CLAUSE BECOMES NOT APPLICABLE, THEN EACH PARTY, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY AS TO ANY ISSUE RELATING HERETO IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OTHER MATERIAL INVOLVING THE PARTIES HERETO.

FAA expressly requires courts to enforce written private agreements to arbitrate disputes, declaring:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon any such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  As the Supreme Court has recognized, the FAA embodies "a congressional declaration of a liberal federal policy favoring arbitration agreements," and "**any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration**." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) (emphasis added).

Further, upon finding that a dispute is subject to a binding arbitration agreement, the FAA *mandates* courts to compel arbitration of the dispute.  9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.").  In construing this obligation, the Second Circuit has emphasized that, "'by its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)).

Courts apply a summary judgment standard when evaluating whether to compel arbitration pursuant to the FAA.  See Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) (citations omitted).  Thus, courts must grant a motion to compel arbitration "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

4

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard is readily met here, thereby requiring the Court to compel arbitration.

### B. The Parties' Agreement Requires Plaintiff To Arbitrate Her Claims In This Case.

In determining whether to compel arbitration pursuant to the FAA, courts in the Second Circuit assess: (1) whether the parties agreed to arbitrate; (2) whether the claims at issue fall within the scope of the arbitration agreement; and (3) if federal statutory claims are asserted, whether Congress intended to preclude arbitration of those claims. See Genesco, Inc., 815 F.2d at 844; Ryan v. JPMorgan Chase & Co., 924 F. Supp. 2d 559, 562-63 (S.D.N.Y. 2013). Here, resolution of each of these issues favor compelling arbitration of Plaintiff's claims.

#### 1. The Parties Agreed To Arbitrate.

"A valid arbitration agreement requires a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement." Zhu v. Hakkasan NYC LLC, 16 Civ. 5589(KPF), 2017 U.S. Dist. LEXIS 195158, at *13, 2017 WL 5713220 (S.D.N.Y. Nov. 28, 2017); see also Pomposi v. GameStop, Inc., Civil Action No. 3:09-cv-340 (VLB), 2010 U.S. Dist. LEXIS 1819, at *18 (D. Conn. Jan. 11, 2010). "By signing a written instrument, a party creates presumptive evidence of its assent to enter into a binding agreement." Id. (citing Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004)); D'Antuono v. Serv. Rd. Corp., 789 F. Supp. 2d 308, 323 (D. Conn. 2011) ("[T]he fact that a party signed a written agreement is usually conclusive evidence of contract formation."). "[I]n the absence of fraud or other wrongful act on the part of another contracting party, a party who signs or accepts a written contract . . . is conclusively presumed to know its contents and to assent to them." Gold, 365 F.3d at 149 (internal citations and quotations omitted); accord D'Antuono, 789 F. Supp. 2d at 323.

5

Plaintiff signed the Agreement, and there is no evidence of fraud or other wrongful act on the part of Marathon. Accordingly, there is a strong presumption that Plaintiff assented to arbitrate "any dispute or controversy arising out of th[e] Agreement, [her] offer letter, or [her] employment relationship" with Marathon. See Zhu, D'Antuano, Gold, supra; (Riolo Decl., Ex. B, at ¶ 13.)

### 2. Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement.

Plaintiff's claims in this action, allegations of employment discrimination and retaliation under New York State and New York City law, unquestionably fall within the scope of the Arbitration Agreement. The Agreement provides that "any controversy, claim or dispute arising out of or relating to . . . the employment relationship, either during the employment relationship or afterwards, between the parties" shall be settled by arbitration. (Agreement, ¶13). "In determining whether a particular claim falls within the scope of the parties' arbitration agreement, [courts] focus on the factual allegations in the complaint rather than the legal causes of action asserted." Genesco Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987). "Further, Courts in this Circuit have held that 'doubts as to whether a claim falls within the scope of [an arbitration] agreement should be resolved in favor of arbitrability.'" Savarese v. J.P. Morgan Chase, 16-CV-321 (JFB) (SIL), 2016 U.S. Dist. LEXIS 159765, at *16 (E.D.N.Y. Nov. 16, 2016) (quoting Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001) and citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).

Broad arbitration provisions, such as the one at issue here – covering all controversies and claims arising from the employment relationship – have been enforced in the Second Circuit. See id. (citing Genesco, 815 F.2d at 845) (upholding arbitration clauses that

6

generally referred to "all claims and disputes of whatever nature arising under the contract" and "any controversy arising out of or relating to his contract"); see also Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998) ("[W]e have held that the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said *with positive assurance that the arbitration clause is not susceptible of an interpretation that [it] covers the asserted dispute.*") (internal citations and quotations omitted).

For example, in Thomas v. Public Storage, 957 F. Supp. 2d 496, 500 (S.D.N.Y. July 31, 2013), this Court granted the defendant's motion to compel arbitration of the plaintiff's NYSHRL and NYCHRL sex discrimination and retaliation claims where the plaintiff signed a general arbitration provision. See Thomas, 957 F. Supp. 2d at 500. Likewise, in Oldroyd, the Second Circuit held that the plaintiff's retaliatory discharge claim brought pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 was "presumptively within the scope of the arbitration clause contained in [the plaintiff's] employment agreement," which made arbitrable "any dispute, controversy or claim arising under or in connection with [the plaintiff's] employment agreement." Oldroyd, 134 F.3d at 76-77 ("We have previously held that this is precisely the kind of broad arbitration clause that justifies a presumption of arbitrability.").

Based on the holdings in Thomas and Oldroyd, and the clear mandate from courts in the Second Circuit that the "scope of [an arbitration] agreement should be resolved in favor of arbitrability," the broad general description of covered claims under the arbitration provision in the Agreement encompass each and every cause of action asserted in Plaintiff's Complaint against Marathon, Lavertu and Brandt, namely: her claims for gender discrimination under the NYSHRL (First Cause of Action), retaliation under the NYSHRL (Second Cause of Action), gender discrimination under the NYCHRL (Third Cause of Action), and retaliation under the NYCHRL

7

(Fourth Cause of Action), all of which arise out of Plaintiff's employment relationship with Defendant Marathon.

### 3. Plaintiff Does Not Assert Any Federal Statutory Claim That Are Subject To Legislative Exemption From Arbitration.

As to the third element of the Second Circuit assessment of whether to compel arbitration pursuant to the FAA, Plaintiff does not assert any federal statutory claims and thus this element is inapplicable to the instant matter.

### C. Plaintiff's Claims Under New York State And City Law Are Subject To Arbitration.

Any argument by Plaintiff that her claims are not subject to arbitration because New York Civil Practice Law and Rules ("CPLR") § 7515 prohibits mandatory arbitration of "any allegation or claim of discrimination" should be rejected. This Court has held on at least two occasions that this New York statute cannot block an employer from enforcing a mandatory arbitration agreement against an employee who files a lawsuit alleging claims of gender discrimination, hostile work environment and retaliation, the same claims Plaintiff alleges in the instant case. See Latif v. Morgan Stanley & Co. LLC, 18-cv-11528 (DLC), 2019 U.S. Dist. LEXIS 107020, at *9-10, 2019 WL 2610985 (S.D.N.Y. June 26, 2019); White v. WeWork Cos., Inc., No. 20-cv-1800 (CM), 2020 U.S. Dist. LEXIS 102354, 2020 WL 3099969 (S.D.N.Y. June 11, 2020).

CPLR § 7515 provides, in relevant part, as follows:

(a) Definitions. As used in this section:

*   *   *   *

2. The term "prohibited clause" shall mean any clause or provision in any contract which requires as a condition of the enforcement of the contract or obtaining remedies under the contract that the parties submit to mandatory arbitration to resolve any allegation or claim of discrimination, in violation of laws

prohibiting discrimination, including but not limited to, article fifteen of the executive law.

\*   \*   \*   \*

4(b)(i) Prohibition.  Except where inconsistent with federal law, no written contract, entered into on or after the effective date of this section shall contain a prohibited clause as defined in paragraph two of subdivision (a) of this section.

(ii) Exceptions.  Nothing contained in this section shall be construed to impair an employer from incorporating a non-prohibited clause or other mandatory arbitration provision within such contract, that the parties agree upon.

(iii) Mandatory arbitration clause null and void.   Except where inconsistent with federal law, the provisions of such prohibited clause as defined in paragraph two or subdivision (a) of this section shall be null and void.  The inclusion of such clause in a written contract shall not serve to impair the enforceability of any other provision of such contract.

### 1. The FAA Preempts CPLR § 7515.

Even if CPLR § 7515 applies to the Agreement, it is preempted by the FAA. Congress, in passing the FAA, "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984).  "When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."  AT&T Mobility v. Concepcion, 563 U.S. 333, 341 (2011).  That is exactly what CPLR § 7515 purports to do – prohibit outright the arbitration of a particular type of claim, i.e., discrimination claims – and it is, therefore, preempted by the FAA.  See also Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir. 1993) (New York rule that required arbitration agreements to be proven with a heightened "express, unequivocal agreement" standard was preempted by the FAA) (quotations omitted).

Thus, to the extent CPLR § 7515 applies, it is preempted by the FAA under controlling Supreme Court and Second Circuit authority.  Concepcion, 563 U.S. at 341; Progressive Cas. Ins. Co., 991 F.2d at 46.

More specifically, this Court has held on at least two occasions that that CPLR § 7515 is inconsistent with the FAA and that the strong presumption under the FAA that arbitration agreements are enforceable is not displaced by § 7515.  In Latif v. Morgan Stanley & Co. LLC, 2019 U.S. Dist. LEXIS 107020 at *9-10, where the plaintiff alleged gender discrimination, hostile work environment, and retaliation claims in violation of, inter alia, the NYSHRL and NYCHRL, the Court rejected plaintiff's argument that the arbitration agreement he signed with the defendant, his former employer, was unenforceable pursuant to CPLR § 7515 and granted defendant's motion to compel arbitration.   Specifically, the Court held that applying CPLR § 7515 to invalidate the parties' agreement to arbitrate the plaintiff's claims would be "inconsistent with the FAA" and because CPLR § 7515 applies to a specific type of claim, rather than a generally applicable defense, it does not fall within the FAA's savings clause.  Id. at *9-10.  Similarly, in White v. WeWork Cos., Inc., 2020 U.S. Dist. LEXIS 102354, citing Latif, the Court granted defendant's motion to compel arbitration of plaintiff's claims, which included race and gender discrimination and retaliation claims under the NYSHRL and NYCHRL, holding that "[s]ince CPLR § 7515 is displaced by the FAA, [plaintiff] may not rely on it to defeat [defendant's] motion to compel arbitration."  Id. at *14.  For the reasons described in detail above, the Court should follow Latif and White and compel arbitration of Plaintiff's claims pursuant to the Agreement.

### 2. CPLR § 7515 Is Inconsistent With Federal Law.

On its face, CPLR § 7515 only applies when it would not be inconsistent with federal law.  CPLR § 7515(b)(i) and (iii).  The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

revocation of any contract. 9 U.S.C. § 2. The New York law, by contrast, purports to preclude or render null and void mandatory agreements to arbitrate discrimination claims. CPLR § 7515(a)(2). As such, CPLR § 7515 is "inconsistent with federal law" and, on its face, does not apply to the Agreement at issue here.

Further, CPLR § 7515 singles out arbitration agreements for disfavor. CPLR § 7515(a)(2). Such grounds do not fit within the "savings clause" under FAA Section 2 9 U.S.C. § 2; Epic Systems Corp. v. Lewis, 138 S. Ct. 1612, 1622 (2018) (holding that even if the National Labor Relations Act rendered agreements with class waivers "illegal," it was insufficient to invalidate an arbitration agreement because it was not a doctrine applied to "any contract"). For these additional reasons, this Court should compel arbitration of Plaintiff's claims.

## II.     THE COURT SHOULD DISMISS THE COMPLAINT.

Where, as here, all of the claims at issue are subject to a valid and binding arbitration agreement, courts should compel arbitration and also may dismiss the action. See, e.g., Ryan, 924 F. Supp. 2d at 562 (collecting cases); Reynolds v. de Silva, No. 09 Civ. 9218 (CM), 2010 U.S. Dist. LEXIS 18040, at *23, 2020 WL 743510 (S.D.N.Y. Feb. 24, 2010) ("[A]ll courts of which we are aware have followed the rule that, where all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings." (citation and internal alteration marks omitted)). As many courts have observed, dismissal of an action where all claims are subject to arbitration far better serves judicial economy. See, e.g., id., 2010 U.S. Dist. LEXIS 18040, at *23-24 (dismissing action where all claims were subject to arbitration, explaining that "[i]t would be an inefficient use of the Court's docket to stay the action"); Johnson v. Tishman Speyer Props., L.P., No. 09 Civ. 1959, 2009 U.S. Dist. LEXIS 96464, at *10, 2009 WL 3364038 (S.D.N.Y. Oct. 16, 2009) (dismissing action where all claims were subject to arbitration, explaining that "no useful purpose will be served by granting a stay of

the claims" (citation and internal alteration marks omitted)).  Accordingly, this Court routinely dismisses actions where all of the claims are subject to arbitration.  See, e.g., Drakeford v. Wash. Mut., No. 07 Civ. 3489, 2008 U.S. Dist. LEXIS 53224, at *9-10, 2008 WL 2755838 (S.D.N.Y. July 11, 2008) (dismissing action where all claims were subject to arbitration); Rubin v. Sona Int'l Corp., 457 F. Supp. 2d 191, 198 (S.D.N.Y. 2006) (same); Ryan, 924 F. Supp. 2d at 566 (compelling arbitration and dismissing action); Thomas, 957 F. Supp. 2d at 500 (same); Nunez v. Citibank, N.A., No. 08-Civ-5398 (BSJ), 2009 U.S. Dist. LEXIS 7783, at *10, 2009 WL 256107 (S.D.N.Y. Feb. 3, 2009) (same); Spencer-Franklin v. Citigroup/Citibank N.A., No. 06 Civ. 3475 (GBD), 2007 U.S. Dist. LEXIS 25870, at *4, 2007 WL 1052451 (S.D.N.Y. Apr. 4, 2007) (same); Lewis Tree Serv., v. Lucent Techs., Inc., 239 F.Supp.2d 332, 340-41 (S.D.N.Y. 2002) (same).[3]

## CONCLUSION

For the foregoing reasons, this Court should: (1) compel Plaintiff to arbitrate her claims against the Marathon Defendants; and (2) dismiss the action.

Respectfully Submitted,

By: Greg Riolo
Wendy J. Mellk
JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-6902

and

---

[3] Should this Court decline to dismiss the action, the Marathon Defendants respectfully request that the Court stay the action pending resolution of Plaintiff's claims through arbitration.  See 9 U.S.C. § 3 (authorizing district courts to enter a stay of proceedings where the asserted claims are "referable to arbitration").

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017

*Attorneys for Defendants*
*Marathon Capital of Illinois d/b/a Marathon Capital LLC, Ted Brandt and Philippe Lavertu*

and

Jonathan L. Sulds
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-6882

*Attorneys for Defendants*
*Ted Brandt and Philippe Lavertu*

Dated: December 14, 2020
        New York, New York